# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITI MORTGAGE, INC., | Case No. 1:14-cv-01878-AWI-SKO |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATION THAT THIS ACTION BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION** |
| EVANGELINA LUERA, | **OBJECTIONS DUE: 21 DAYS** |
| Defendant. | |

## I.  INTRODUCTION

On November 26, 2014, Defendant Evangelina Luera ("Defendant") filed a document entitled "NOTICE OF REMOVAL - FEDERAL QUESTION" (the "Removal Notice"). (Doc. 1.) The Removal Notice alleges that removal is proper because the "matter is one that may be removed to this Court pursuant to 28 U.S.C. § 1441 because it is a civil action arising under federal law and in which a federal statute is drawn in controversy." (Doc. 1, ¶ 3.) It appears that Defendant is seeking to remove this action on the ground that Plaintiff has expressly referenced and incorporated the Protecting Tenants at Foreclosure Act of 2009 (the "Act") in its complaint. (Doc. 1, ¶ 7.) Defendant also maintains the Act is placed into controversy by Plaintiff's complaint because it provides a ninety-day notice period prior to the filing of any state eviction proceeding; Defendant claims Plaintiff did not allow the ninety-day period to lapse before filing his claim.

For the reasons set forth below, the undersigned RECOMMENDS this action be REMANDED to the Fresno County Superior Court.

## II.  DISCUSSION

### A.  Legal Standard

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

### B.  This Court Lacks Subject Matter Jurisdiction

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Plaintiff's complaint states a single claim for unlawful detainer pursuant to California law. Plaintiff alleges that it is the owner of real property located at 4753 E. Washington Avenue, Fresno, California (the "Property"), by virtue of a foreclosure sale.  Plaintiff alleges that Defendant was served with a written notice to quit the property, but Defendant refused to vacate the Property and continues in possession without Plaintiff's permission or consent.  As an exhibit to the complaint, Plaintiff attached a copy of the notice to quit served on Defendant, which informed

Defendant the notice was provided pursuant to the California Law as well as the Protecting Tenants at Foreclosure Act of 2009.  (Doc. 1, p. 16.)

Defendant claims that Plaintiff's complaint creates a controversy arising under federal law – i.e., Protecting Tenants at Foreclosure Act of 2009 (the "Act") because it was cited in the Notice to Quit served on Defendant and because Plaintiff did not comply with the Act.  The only cause of action in the complaint is for unlawful detainer, which arises under California law.  The claim itself does not arise under federal law, regardless that the Notice to Quit referenced federal law. *See Rubicon Equity Grp., Inc. v. Lawhorn*, No. 1:14-cv-00409-LJO-GSA, 2014 WL 1329734, *2 (E.D. Cal. Apr. 1, 2014) (unlawful detainer action is a matter of state law).  Although Defendant maintains she has a defense under the Act because of improper notice, a defense that invokes federal law is insufficient to confer subject matter jurisdiction under Section 1331.  Removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court.  *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("a case may not be removed on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense is the only question truly at issue").  Plaintiff's claim of unlawful detainer arises under state law and not under federal law.  As such, there is no jurisdictional basis for removal since an unlawful detainer action, on its face, fails to raise a federal question.[1]

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY RECOMMENDED that this action be REMANDED to the Fresno County Superior Court.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one

---

[1] Defendant does not assert diversity as a basis on which the Court may exercise subject matter jurisdiction. Nonetheless, the Court notes that under Title 28 U.S.C. Section 1441(b), when an action is founded on diversity, such action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).  Defendant specifically asserts that she is a resident of Fresno County, California.  (Doc. 1, ¶ 6).  As such, Defendant's California residency negates removal jurisdiction based on diversity.  28 U.S.C. § 1441(b)(2).

(21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 3, 2014**                    **/s/ Sheila K. Oberto**
                                                 UNITED STATES MAGISTRATE JUDGE

4